Filed 3/7/24  P. v. Sanchez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FABIAN BRAVO SANCHEZ,<br><br>    Defendant and Appellant | H050942<br>(Monterey County<br>Super. Ct. No. 22CR000513) |

Defendant Fabian Bravo Sanchez appeals from a final judgment of conviction. Pursuant to a negotiated disposition, Bravo Sanchez pleaded no contest to false imprisonment, assault by means likely to produce great bodily injury, and misdemeanor street terrorism.  He was sentenced to three years and eight months in prison.

We appointed counsel to represent Bravo Sanchez in this court.  His appointed counsel filed an opening brief that states the case and the facts but raises no issues. Counsel asks this court to conduct an independent review of the record to determine whether there are any arguable issues.  (See *People v. Wende* (1979) 25 Cal.3d 436.)

This court notified Bravo Sanchez of his right to submit written argument on his own behalf, but he did not do so.  Finding no arguable error that would result in a disposition more favorable to Bravo Sanchez, we affirm the judgment.

# I. Factual and Procedural Background[1]

Just after 1:00 a.m. on January 17, 2022, a patrol sergeant in the City of Gonzales stopped a vehicle for running a stop sign. The driver was crying and said two individuals had pointed guns at her and her passenger at the intersection of 9th Street at Center Street. According to the driver, two males had approached the passenger side with handguns and told them to lower the window. They pointed the guns at her and the passenger, and asked them who they were, where they were from, and whether they were northerners or southerners.

After about two minutes, the driver sped away. Upon being stopped by the officer, the driver provided a description of the two suspects. Officers then conducted an area check, including at a local residence where an officer had seen a party with individuals matching the driver's description.

At the residence, there were approximately six people in the front yard, and one or two other people inside, including known Norteño gang members. The officers identified two individuals who matched the descriptions of the assailants provided by the driver. When officers attempted to detain the individuals at the residence, they ran off in different directions.

After officers set up a perimeter, they detained two people who had jumped over a nearby fence, one of whom was Bravo Sanchez. The officers then searched the backyard where the two had fled and found a black handgun on the ground, which they determined had just been dropped there.

The driver then positively identified Bravo Sanchez and the other assailant who had approached her vehicle. Upon transport to the county jail, Bravo Sanchez asked to be housed with the northerners.

---

[1] We take our facts from the preliminary hearing transcript.

On November 9, 2022, the Monterey County District Attorney filed an amended information against Bravo Sanchez charging him with six counts: (1) false imprisonment by violence (§ 236; count 1); brandishing a firearm at a person in a motor vehicle (§ 417.3; count 2); felony street terrorism (§ 186.22, subd. (a); count 3); misdemeanor resisting arrest (§ 148, subd. (a)(1); count 4); assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 5); and misdemeanor street terrorism (§ 186.22, subd. (a); count 6). The amended information also alleged that Bravo Sanchez used a firearm in the commission of count one pursuant to section 12022.5, subdivision (a), and that the crimes in counts one and two were committed to benefit a criminal street gang under section 186.22, subdivision (b)(1)(A).

As part of the plea agreement entered on November 9, 2022, Bravo Sanchez pleaded no contest to counts 1, 5 and 6, and waived his right to an appeal, in exchange for a sentence of three years and eight months.

However, prior to sentencing, Bravo Sanchez obtained a continuance to allow him to file a motion to withdraw his plea. An appointed public defender reviewed the matter but determined there was no basis to withdraw the plea; accordingly, no such motion was filed.

Bravo Sanchez was sentenced on March 3, 2023.

He filed a notice of appeal on April 17, 2023. In connection with his notice of appeal, he requested a certificate of probable cause on the basis that he felt his plea "was not a knowing and intelligent waiver." The trial court denied the request.

## II. DISCUSSION

We have reviewed the record under *Wende, supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106. Concluding there is no arguable issue on appeal that would result in a disposition more favorable to Bravo Sanchez, we affirm the judgment.

## III. DISPOSITION

The judgment is affirmed.

_____
Wilson, J.

WE CONCUR:



_____
Greenwood, P. J.




_____
Bamattre-Manoukian, J.




*People v. Bravo Sanchez*
H050942